# MATTSON v STATE OF FLORIDA

## Case No. 88-079-AC "S"

Fifteenth Judicial Circuit, Palm Beach County

July 26, 1988

### APPEARANCES OF COUNSEL

Office of the Public Defender for appellant.

Office of the State Attorney for appellant.

### OPINION OF THE COURT

MARVIN U. MOUNTS, JR., Circuit Judge.

This appeal is from a conviction for operating a vessel while impaired. Section 327.35, Florida Statutes, is attacked as unconstitutionally vague. The trial court did not have the opportunity to rule on the point involved.

That Section's *operative* word is *operate*. That is clear and what operate means is clear.

The argument is that an earlier statutory definition in the same Chapter, § 327.02(18) states that "operate" means to navigate or otherwise use a vessel. It is urged that a passenger "uses" a vessel, *ergo* a tipsy customer on a cruise ship is subject to arrest for operating a vessel while impaired.

Not so.

The tail does not wag the dog in the construction of laws, wills and instruments.

The *"Ejusdem Generis Rule"* is that where general words (use) follow an enumeration of things by words of a particular and specific meaning (navigate), such general words are not to be construed in their widest extent, but are to be held as applying only to things of the same general kind as those specifically mentioned. In other words, "use" could mean drive a drip but could not mean occupy a ship.

*EST IPSORUM LEGISLATORUM TANGUAM VIVA VOX*

No citation of authority is necessary.

The Conviction is Affirmed.

DONE AND ORDERED in CHAMBERS at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 1988.